**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4085**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEVIN JEROME TURPIN,

Defendant - Appellant.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph Robert Goodwin, District Judge.  (CR-01-261)

---

Submitted:  June 25, 2004          Decided:  July 29, 2004

---

Before GREGORY and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Matthew A. Victor, VICTOR, VICTOR & HELGOE, L.L.P., Charleston, West Virginia, for Appellant.  Kasey Warner, United States Attorney, R. Gregory McVey, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Kevin Jerome Turpin appeals his jury trial conviction for conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base, 5 kilograms of cocaine powder, and 100 kilograms of marijuana, in violation of 18 U.S.C. § 846 (2000).

Turpin contends that the evidence presented at trial is insufficient to sustain his conviction. The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, this court does not review the credibility of witnesses and assumes the jury resolved all contradictions in the testimony for the government. United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002). After careful review of the record in the light most favorable to the government, and assuming the jury resolved all contradictions in the testimony for the government, we conclude that the evidence presented at trial was sufficient to sustain Turpin's conviction. Glasser, 315 U.S. at 80; Sun, 278 F.3d at 313; Burgos, 94 F.3d at 862 (setting forth the elements of conspiracy).

Turpin contends that the district court erred by failing to reduce his sentence pursuant to the Safety Valve provision of U.S. Sentencing Guidelines Manual § 5C1.2 (2000). In general, this court reviews a district court's factual findings for clear error and its application of the sentencing guidelines de novo. United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). In conducting this review, this court gives due regard to the district court's opportunity to judge the credibility of witnesses. 18 U.S.C. § 3742(e) (2000). To qualify for sentencing under the safety valve provision, a defendant must meet all five criteria set out in 18 U.S.C. § 3553(f)(1)-(5) (2000), which are incorporated into USSG § 5C1.2(a)(1)-(5). A defendant who meets these criteria may be sentenced within the guideline range without regard to any statutory minimum sentence. Id. Here, the parties agree that Turpin meets the first four criteria. However, after careful review of the record, we agree with the district court that Turpin did not truthfully disclose all he knew about the conspiracy. Accordingly, we affirm the district court's determination that Turpin did not meet the fifth criterion of § 5C1.2(a), and thus does not qualify for a sentence reduction below the statutory minimum. Daughtrey, 874 F.2d at 217; USSG § 5C1.2(a)(1)-(5).

We decline to address Turpin's remaining sentencing claims, as Turpin is subject to a ten-year mandatory minimum. USSG § 5G1.1(b); United States v. Pillow, 191 F.3d 403, 404 (4th Cir.

- 3 -

1999).  We therefore affirm Turpin's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED